IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02587-PAB

THE STATE OF COLORADO, by and through the Colorado Department of Labor and Employment, Division of Vocational Rehabilitation and its Business Enterprise Program,

    Plaintiff,

and

JOHN RILEY,

    Intervenor,

v.

THE UNITED STATES OF AMERICA, by and through Mark Esper, Secretary of Defense, and Barbara M. Barrett, Secretary of the Air Force,

    Defendant.

## ORDER

This matter is before the Court on the Motion to Intervene [Docket No. 10] filed by John Riley. The State of Colorado filed this lawsuit on August 25, 2020 seeking to enjoin defendant from transitioning the operation of dining facilities services at Schriever Air Force Base ("Schreiver AFB"), located near Colorado Springs, Colorado, to an outside contractor until a pending arbitration concerning the legality of such transition is resolved. *See* Docket No. 1 at 3, ¶ 5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Federal Rule of Civil Procedure 24 governs the intervention of non-parties. Under Rule 24(a)(2), non-parties may intervene in a pending lawsuit as of right if: "(1)

the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (brackets omitted).[1]  "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right."  *Maynard v. Colo. Supreme Court Office of Attorney Regulation Counsel*, No. 09-cv-02052-WYD-KMT, 2010 WL 2775569, at *3 (D. Colo. July 14, 2010) (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)).[2]

Mr. Riley, the licensed blind vender who is currently operating the dining services contract at Schriever AFB, seeks to intervene as a matter of right or, in the alternative, by permission.  Docket No. 10 at 2, 4.[3]  Mr. Riley claims that he has a

---

[1] Federal Rule of Civil Procedure 24(a)(1) allows for intervention as of right where the non-party "is given an unconditional right to intervene by a federal statute." Rule 24(b)(1)(A) also allows for permissive intervention if a non-party "is given a conditional right to intervene by a federal statute."  However, Mr. Riley does not assert a right to intervene under any federal statute.

[2] If a non-party is not entitled to intervention as of right, it may seek permissive intervention under Federal Rule of Civil Procedure 24(b).  Permissive intervention is allowed if (1) the motion to intervene is timely and (2) the non-party "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "The decision to grant or deny a motion for permissive intervention is wholly discretionary with the district court."  *Maynard*, 2010 WL 2775569, at *4 (quoting *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003)).

[3] Plaintiff does not oppose Mr. Riley's motion.  Docket No. 10 at 1.  Defendant has not yet entered an appearance in this case.

direct, substantial, and immediate interest in the case because, as the current vendor, he has an interest in the continuation of his contract and, should the relief requested by the State of Colorado not be granted, his work at Schriever AFB would cease and he would suffer monetary loss. *Id.* at 3. He asserts that his interests are distinct from Colorado's interests because Colorado could make decisions in this litigation that would preserve its long-term contractual opportunities at Schriever AFB, but which would hinder Mr. Riley's short-term economic interests. *Id.* at 4.

The Court finds that Mr. Riley satisfies the four conditions for intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2). Mr. Riley's motion, filed one day after the lawsuit was filed, is timely. In addition, Mr. Riley has shown an interest in the legality of defendant's attempt to transition the dining services operations at Schriever AFB and has demonstrated that his interest could be impeded if his contract is not continued. Finally, Mr. Riley has shown that his economic interests are distinct from those of the State of Colorado. Therefore, the Court will grant the motion to intervene. Accordingly, it is

**ORDERED** that the Motion to Intervene [Docket No. 10] is **GRANTED**. It is further

**ORDERED** that the Clerk of Court shall file the Complaint in Intervention [Docket No. 10-1] as a separate docket entry.

DATED August 26, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge